Case 2:24-po-00264-JAG     ECF No. 22     filed 04/21/25     PageID.52     Page 1 of 5

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

4/21/25
SEAN F. McAVOY, CLERK

AO 245I (Rev. 09/11) Judgment in a Criminal Case for a Petty Offense
Sheet 1    Revised by WAED - 06/16

# UNITED STATES DISTRICT COURT
Eastern District of Washington

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| v. | (For a Petty Offense) |
| RANDELL W. KEELING | Case No.  2:24-PO-264-JAG |
| | USM No.  N/A |
| | CARTER POWERS BEGGS |
| | Defendant's Attorney |

**THE DEFENDANT:**

☑ **THE DEFENDANT** pleaded   ☑ guilty  ☐ nolo contendere to count(s)  1 of the Information

☐ **THE DEFENDANT** was found guilty on count(s) _____

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 36 CFR § 261.9(b) | Removing Natural Feature or Other U.S. Property | 09/02/2024 | 1 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment.

☐ **THE DEFENDANT** was found not guilty on count(s) _____

☐ Count(s) _____ ☐ is  ☐ are dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: 1050

Defendant's Year of Birth: 1976

City and State of Defendant's Residence:
Twisp, WA 98856

04/16/2025
Date of Imposition of Judgment

/s/ James A. Goeke
Signature of Judge

James A. Goeke     Magistrate Judge, U.S. District Court
Name and Title of Judge

04/21/2025
Date

AO 245I  (Rev. 09/11) Judgment in a Criminal Case for a Petty Offense
         Sheet 3 — Criminal Monetary Penalties

|  |  |  |
|---|---|---|
| DEFENDANT: RANDELL W. KEELING | | Judgment — Page  2  of  5 |
| CASE NUMBER: 2:24-PO-264-JAG | | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 4.

|  | **Assessment/Processing Fee** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $10.00 | $0.00 | $400.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Okanogan-Wenatchee National Forest | $400.00 | $400.00 | 100 |
| **TOTALS** | $ 400.00 | $ 400.00 | |

☑ Restitution amount ordered pursuant to plea agreement  $ 400.00

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☑ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245I  (Rev. 09/11) Judgment in a Criminal Case for a Petty Offense
         Sheet 4 — Schedule of Payments

DEFENDANT: RANDELL W. KEELING
CASE NUMBER: 2:24-PO-264-JAG

Judgment — Page 3 of 5

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  ☐  Lump sum payment of $ _____ due immediately, balance due

   ☐  not later than _____ , or
   ☐  in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below); or

**B**  ☑  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☑ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of probation will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Defendant shall pay the mandatory $10 special penalty assessment and $400 restitution to the U.S. District Court. Check or money order shall be made payable to the U.S. District Court, 920 W. Riverside, Suite 840, Spokane, WA 99201. Defendant shall make $50 monthly installment payments over a period of 9 months.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the following address until monetary penalties are paid in full: Clerk, U.S. District Court, Attention: Finance, P.O. Box 1493, Spokane, WA 99210-1493.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

   Defendant and Co-Defendant Names, Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245I    (Rev. 02/16) Judgment in a Criminal Case for a Petty Offense
            Sheet 5—Probation

DEFENDANT:         RANDELL W. KEELING                           Judgment—Page __4__ of __5__
CASE NUMBER:   2:24-PO-264-JAG

## PROBATION

The defendant is hereby sentenced to probation for a term of :   5 year(s)

Unsupervised Probation. Defendant may move for early termination after one year.

## STANDARD CONDITIONS OF SUPERVISION

(1) The defendant shall not commit another federal, state or local crime.

(2) The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance, including marijuana, which remains illegal under federal law. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   ☑ The above drug testing is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

(3) ☐ The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers.) *(Check, if applicable.)*

(4) ☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable, see 42 U.S.C. § 14135a(d)(all felonies, crimes under Ch. 109A, crimes of violence, and attempts or conspiracy to commit these crimes.))*

(5) ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act *(42 U.S.C. § 16901, et seq.)* as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

(6) ☐ The defendant shall participate in an approved program for domestic violence if one exists within a 50-mile radius of defendant's legal residence. *(Check, if applicable, see 18 U.S.C. § 3583(d) for defendants convicted of a domestic violence crime defined in § 3561(b).)*

(7) If this judgment imposes restitution, a fine, or special assessment, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fine, or special assessments.

(8) The defendant must report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer tells the defendant to report to a different probation office or within a different time frame.

(9) After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant must report to the probation officer as instructed.

(10) The defendant must not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

AO 245I    (Rev. 09/11) Judgment in a Criminal Case for a Petty Offense
           Sheet 5B — Probation Supervision

Judgment — Page __5__ of __5__

DEFENDANT: RANDELL W. KEELING
CASE NUMBER: 2:24-PO-264-JAG

## SPECIAL CONDITIONS OF SUPERVISION

1. Defendant is banned from entering all U.S. Forest Service campgrounds and trailheads within the Eastern District of Washington for 1 year.

2. Defendant shall provide within one (1) month of payment, a receipt as proof of payment to the United States Attorney's Office and the Court.